IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00944-BNB

ISRAEL CHAVEZ,

Applicant,

v.

SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Israel Chavez is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Chavez has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2006). The Court must construe the habeas corpus application liberally because Mr. Chavez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Chavez will be ordered to file an amended application.

Mr. Chavez is challenging two convictions in the Mesa County District Court. He appears to be attacking his September 1, 1998, conviction on drug-related charges pursuant to a plea agreement in Criminal Action 97CR1609, for which he apparently received a sentence of four and one-half years. He also appears to be attacking his

April 1999 conviction on charges of driving under the influence, vehicular assault, and assault pursuant to a plea agreement in Criminal Action 98CR933, for which he apparently received a fourteen-year sentence to be served consecutive to his sentence in 97CR1609.

Mr. Chavez alleges that he did not appeal directly from the judgment of conviction in either criminal action. He alleges that in 2001 he initiated a postconviction proceeding pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Mesa County District Court but he fails to allege which conviction or convictions he challenged in the Colo. R. Crim. P. 35(c) proceeding. He also fails to allege exact dates when he filed the Colorado Rule Crim. P. 35(c) postconviction motion, when it was denied by the Mesa County District Court, and when the denial was affirmed by the Colorado Court of Appeals. The dates of these state court proceedings are important to assist the Court in determining whether the application is time-barred pursuant to 28 U.S.C. § 2244(d) (Supp. 2006). Mr. Chavez does allege that certiorari review was denied on June 28, 2005.

Mr. Chavez has used the Court-approved form for filing a habeas corpus application pursuant to 28 U.S.C. § 2254. However, it appears to the Court that Mr. Chavez is challenging both the validity of his convictions and sentences, which is the purpose of a § 2254 action, and the execution of those sentences, which is the purpose of a 28 U.S.C. § 2241 (1994) action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). To the extent Mr. Chavez challenges his convictions, he may do so in the instant § 2254 action after exhaustion of state remedies. To the extent Mr. Chavez challenges the calculation of the time he must serve, he is challenging the execution of

his sentences, and he may do so by filing a separate habeas corpus action pursuant to § 2241.

In the amended application he will be directed to file, Mr. Chavez must assert claims appropriately raised in a 28 U.S.C. § 2254 action. He also must demonstrate that he has exhausted state remedies as to each asserted claim or that no adequate state remedies are available or effective to protect his rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Chavez file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Chavez, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that if Mr. Chavez fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED June 23, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00944-BNB

Israel Chavez
Prisoner No. 98352
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/23/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk